CORNELL SUPPLY COMPANY, APPELLANT, V. CHARLES A. GILLILAND, APPELLEE.

FILED JANUARY 8, 1932. No. 28035.

*Fred C. Foster* and *William M. Holt,* for appellant.

*Mockett & Finkelstein, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

PER CURIAM.

In this case the plaintiff and appellant sued the defendant, a former traveling man, for a balance of $169.68 due on two chattel mortgage notes, which he had given in payment of automobiles required by him to travel for them. The defendant denied the amount claimed upon said notes was the correct amount, and for a counterclaim set out that he was entitled to $200 commission on sales made for plaintiff. The case was tried to a jury, and the jury found that there was $130.45 due to the plaintiff on the notes, and that there was $200 due to the defendant on his counterclaim, and therefore rendered a judgment for the difference of $69.55 for the defendant.

The errors set out for reversal were that the verdict was not sustained by sufficient evidence and the court erred

in certain rulings in the admission of evidence and in the giving of instruction No. 6. This instruction reads as follows:

"The contract under which the defendant began working in 1928 provided for a bonus upon all merchandise sold over and above $55,000 of 4 per cent. on $10,000 and 2 per cent. on the balance. There is no controversy that the net sales made by the defendant amounted to $69,184.46. The controversy in this case, however, is whether the amount of sales before defendant was entitled to a bonus under the new arrangement made in March, 1928, whereby the defendant took other territory, was changed from $55,000 to $70,000, and you are instructed that the burden is upon the plaintiff to establish that the quota was changed by a preponderance of the evidence, as that term is hereinbefore defined."

The plaintiff, in its answer to the counterclaim of defendant, alleged: "The plaintiff and defendant modified said written contract by agreeing verbally to a change in the territory and the quota of merchandise to be sold by the defendant before he became entitled to a bonus."

The burden of proving this allegation was placed upon the plaintiff very properly by instruction No. 6, and this court sees no error in that instruction. There was a sharp contest on questions of fact, which were decided by the jury, and there is sufficient evidence to sustain the verdict. No question of law is submitted which has not heretofore been determined by this court. The judgment of the lower court is

AFFIRMED.